UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MCGEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:09-CV-821 CAS |
| | ) |
| MELISSA RING,[1] | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Kevin McGee for leave to commence this action without payment of the required filing fee, see 28 U.S.C. § 1915(a), and application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, the Court will grant petitioner leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). Because the instant petition is time-barred, the Court will dismiss it without requiring a response from Melissa Ring.

**The Petition**

Petitioner, who is confined at the Southeast Missouri Mental Health Center in Farmington, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 8, 1988 plea of not guilty by reason of insanity ("NGRI") in the Circuit Court of Cape Girardeau

---

[1]Petitioner has named as respondent the State of Missouri. The proper respondent when a petitioner is in jail due to the state action he is attacking is the state officer having custody of the applicant. See Rule 2 of the Rules Governing § 2254 Cases. Petitioner is currently residing at the Southeast Missouri Mental Health Center ("SMMHC"). Accordingly, Melissa Ring, the Chief Operating Officer of SMMHC, is the proper respondent.

County, Missouri. Petitioner alleges, among other things, that he was coerced by his attorney into entering a NGRI plea.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition indicates that it is time barred under 28 U.S.C. § 2244(d)(1), and is subject to summary dismissal.

Petitioner states that he entered his NGRI plea on June 8, 1988 but did not appeal his NGRI plea. Thus, only § 2244(d)(1)(A) is applicable to petitioner, and his one-year limitation period began to run on the date upon which his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Because petitioner did not appeal his NGRI plea, his one-year limitation period began to run--at the latest--ten days from June 8, 1988, the date on which petitioner's judgment was entered. Cf. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998); Mo. Sup. Ct. R. 30.01(d). Because the judgment petitioner wishes to attack became final before the establishment of the one-year limitation period, he is entitled to a one-year grace period ending on April 24, 1997. See Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999). The instant petition was received by this Court more than twelve years after the running of the one-year limitation period.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the instant application for writ of habeas corpus is **DENIED** as time barred. See 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. [Doc. 1]

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as <u>Kevin D. McGee v. Melissa Ring</u>.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*[signature]*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of June, 2009.